# Weir *versus* The County of Allegheny.

Where a defendant has not wrongfully trespassed upon or withheld the property or money of the plaintiff, or has not obtained any advantage by any wrong done, and has not been guilty of fraud, and especially where the liability arises wholly by virtue of a statute, and no provision for interest is made therein, interest cannot be allowed as part of the damages, either as a matter of law or at the discretion of the jury.

October 12th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1880, No. 196.

Case by James G. Weir against the county of Allegheny, to recover damages for the destruction of property in riots.

The facts are sufficiently stated in the following opinion of Ewing, P. J.:

"This is an action brought by the plaintiff against the county of Allegheny, to recover damages sustained by him from injury to and destruction of his property (houses, fixtures, tools, materials, &c.,) by a mob, in the railroad riots in Pittsburgh, July 22d 1877.

"The liability of the county arises wholly under the Act of Assembly, approved 31st of May 1841, Pamph. L. 416, and extended to Allegheny county by Act of March 20th 1849, Pamph. L., p. 184. The seventh section of this act, which alone is material to this question, is as follows:

"'In all cases where any dwelling-house or other building or property, real or personal, has been or shall be destroyed within the county of Philadelphia (or Allegheny), in consequence of any mob or riot, it shall be lawful for the person or persons interested in and owning such property, to bring suit against the said county. where such property was situated and being, for the recovery of such damages as he or they sustained by reason of destruction thereof; and the amount which shall be recovered in said action

[Weir *v.* County of Allegheny.]

shall be paid out of the county treasury on warrants drawn by the commissioners thereof, who are hereby required to draw the same as soon as said damages are finally fixed and ascertained.'

" On trial of the case counsel for the plaintiff asked the court to instruct the jury (3d point), that the measure of damages was, in addition to the value of the property injured or destroyed, ' interest upon said sums from the date of the riot to this date, at six per cent. per annum.'

" Counsel for the defendant asked the court to instruct the jury (3d point), ' That in a case like the present, being for unliquidated damages, and where no benefit accrued to the defendant by reason of the injury complained of, interest is not an incident to the right to recover, and should not be allowed by the jury.'

" The court refused both these points, pro forma, reserving the questions, and instructed the jury, that if, in their discretion, and in view of all the circumstances, they thought it proper they might allow interest as an element of the damages, or they might disallow it.   This instruction was made known to counsel before they addressed the jury, and on each side they discussed the question to the jury as one resting in their discretion.

" By consent of counsel, the jury were directed to return a special verdict, by which it should appear whether or not they had allowed anything in the way of interest, and if anywhere allowed, how much.

" The jury returned a verdict in favor of the plaintiff for $6250, the ascertained damage at the date of the riot, and refused to allow any interest, the verdict being subject to the opinion of the court upon the question of interest as presented in the points above quoted.

" If the plaintiff's point be a correct statement of the law, then interest from July 22d 1877, is to be added to the verdict.   If the instruction to the jury, that the question of interest was in their discretion, or if the third point of defendant be a correct statement of the law, the verdict must stand without modification.   In the recent edition (1880) of Sedgwick on the Measure of Damages, vol. 2, p. 158, in relation to cases where interest can be recovered, it is said : ' The subject is susceptible of a very clearly defined division, 1st. Where it can be claimed as a right, either because there is an express contract to pay it, or because it is recoverable as damages, which the party is legally bound to pay, or for money or property improperly withheld.   2d. Where it is imposed to punish negligent, tortious or fraudulent conduct.   In the first case, it is recoverable as a matter of law.   In the second case, it rests entirely in the pleasure of the jury.   To the same effect is Lincoln *v.* Claflin, 7 Wall. 138.   There is, however, a third class of cases not included in either of the above, where interest is not allowable, either as matter of law or in the pleasure of the jury.   In the

[Weir *v.* County of Allegheny.]

English courts interest is disallowed in many cases where it would be allowed in this country. The American cases differ widely, some following closely the rulings in England, while others adopt a more liberal rule on the allowance of interest. In the cases of Hermits of St. Augustine *v.* The County of Philadelphia, and St. Michael's Church *v.* Same, Bright. Rep. 116, 121, arising on the same statute as does our case, Judge ROGERS, at nisi prius, instructed the jury that they might, in their discretion, allow interest. In the charge there is no reference to the terms of the Act of Assembly on this point, nor to the decisions governing the question. It seems to have been assumed that, because the county was made liable, it was to be held liable, in all respects, as the wrongdoer, except that punitive damages could not be allowed. The question does not appear to have ever been raised in the Supreme Court, nor so far as we have been able to ascertain has the question before been raised and discussed in any court of the state, although similar cases have been decided in other states. In Mowry *v.* Whitney, 14 Wallace 434, the United States Supreme Court decides that interest is not allowable on the profits as damages, for the infringement of a patent right, and they say further, ' interest is not generally allowable on unliquidated damages.'

"In Passenger Railway Company *v.* Philadelphia, 1 P. F. Smith 468, it is held that interest should not be allowed on overdue taxes, where the non-payment arose from the mutual mistake of plaintiff's agents and defendant. To the same general effect is 44 Cal. 239 ; 72 Ill. 148 ; 63 Mo. 98. In general, it appears to be the rule of the courts that have gone farthest in the allowance of interest, that where the defendant has not wrongfully trespassed upon or withheld the property or money of the plaintiff, or has not obtained any advantage by any wrong done, and has not been guilty of fraud, and especially where the liability arises wholly by virtue of a statute, and no provision for interest is made therein, interest cannot be allowed as a part of the damages, either as a matter of law or at the pleasure of the jury. Aside from the Philadelphia cases above cited, we find no cases which, in their decision, or in the principles laid down therein, will sustain the ruling of the court in this case, submitting the question of interest to the jury, and no case whatever that even indirectly sustains the plaintiff's prayer for instruction that the jury must allow interest. In the recent cases decided against Allegheny county, in which the more important questions of the liability of the county were decided, we are informed that counsel agreed on the amount of the verdicts, and that no question was raised as to interest either in the court below or in the Supreme Court. In Sergeant *v.* The Inhabitants of Hampden, 38 Me. 581, our precise question appears to have been raised and decided.

" The Act of Assembly provided for ' the recovery for injuries suffered to the person or property, through defects of the highway,

[*Weir v. County of Allegheny.*]

to the amount of the damages sustained thereby.   The action was to recover damages for such injuries.   The court below instructed the jury that they might add interest as part of the damages.   The Supreme Court held this to be error, and reversed therefor, on the ground that the liability arose on the statute which did not provide for interest, and that it was not allowable, and distinguishing it from such actions as trover and conversion.   Examining the provisions of our Act of Assembly we find that no interest is provided for in the act.   The liability does not arise from the act of the county.   No liability is imposed on the county authorities to pay until the plaintiff has brought suit and proceeded to verdict and final judgment; then for the first time it becomes the duty of the county to pay.   There has been no wrongful or unlawful detention of the property or money of the plaintiff by the county or any of its agents.   All the conditions, and each of them which render a defendant liable for interest, are wanting in this case.   The court is unanimously of the opinion that the third point, submitted by the defendant's counsel, correctly states the law of interest as applicable to this case.   As the jury in making up their verdict excluded interest, the verdict requires no modification.

" Upon payment of the verdict fee let judgment be entered upon the verdict in favor of the plaintiff."

The third point of the defendant alluded to in the charge was as follows : " That in a case like the present, being for unliquidated damages, and where no benefit accrued to the defendant by reason of the injury complained of, interest is not an incident of the right to recover, and should not be allowed by the jury."

The plaintiff took this writ and alleged that the court erred, inter alia, in refusing to allow him interest.

*Barton & Sons* and *Josiah Cohen*, for plaintiff in error.—If compensation is the rule, then the value of the property, with interest from the time of loss, is the well-known and universal rule of damages.   We assert that an examination of the authorities will show that from the first reported case under the Act, that of the Hermits of St. Augustine *v.* Philadelphia County, Bright. 116, 4 Clark 120, down to the case decided last year, Gibson *v.* Allegheny County, 9 Norris 397, &c., that the value of the property destroyed, with interest from the date of destruction, was the rule of damages adopted.   But it is said that the question of interest was not raised in the Gibson case ; that there was no assignment of error to the charge of the court below on that question.   Judge Hice in that case followed the rule adopted in all previous reported cases, and his ruling was affirmed.   And the fact that no objection was made to his ruling is a strong argument that he was right.

*S. H. Geyer* and *George Shiras, Jr.*, for defendant in error.—The

[Weir v. County of Allegheny.]

plaintiff claimed that interest from the date of the riot was a necessary and legal incident to his right to recover. The defendant claimed that as the right of action was given by a statute penal in its nature, and as the statute did not give interest but in terms created the duty to pay on the part of the defendant, only after the amount of the loss had been fixed by a trial, the jury were not authorized to allow interest. Points expressive of these respective views were presented. The court formally refused all these points, instructed the jury to find a special verdict indicating the amount of the loss at the time of the destruction of the property, and to allow interest or not, as they thought fit; and reserved the questions raised by the respective points. The jury, by their verdict, found the amount of the loss at the time of the riot, and as a matter of discretion, refused to allow interest.

So far as the Supreme Court is concerned, this is a case of the first impression. In the case of Gibson v. The County of Allegheny, the amount of the verdict was agreed upon by counsel, and no question concerning interest was decided by the court or submitted to the jury. In the two Philadelphia cases under the same statute, Judge ROGERS instructed the jury that interest was a matter within their discretion. The correctness of this ruling was not considered or passed upon by the Supreme Court. There is very respectable authority for the proposition that, in cases bearing some resemblance to the present one, it is discretionary with the jury to allow or to refuse interest: Lincoln v. Claflin, 7 Wall. 139 ; Mowry v. Whitney, 14 Id. 693 ; Sergeant v. The Town of Hampden, 38 Maine 581.

The judgment of the Supreme Court was entered October 25th 1880,

PER CURIAM.—The demand of the plaintiff was for damages resulting from the riot of 1877, and was given to him by a special statute. It was to recover for property actually destroyed and not for any consequential injuries such as the suspension of business. We adopt the opinion of the learned president of the court below upon the questions of law reserved on the special verdict.

Judgment affirmed.