## Irwin *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Master and servant—Car inspection.*

1. In an action against a railroad company to recover damages for the death of a locomotive engineer, the case is for the jury where the evidence tends to show that the accident was the result of the derailment of a car caused by a broken flange; that the break in the flange was an old one and existed when the car was received at the defendant's yard, which was the place for regular inspection; that the break

IRWIN *v*. PENNSYLVANIA R. R. CO., Appellant.  157

would have been discovered if a proper inspection had been made; and that if any inspection was made, it was made by an inexperienced and inadequately instructed employee who failed to make the usual tests.

*Negligence—Damages—Death—Charge of court.*

2. In an action by a wife to recover damages for the negligent killing of her husband, the measure of damages is not the amount of the probable earnings of the deceased that would have gone to the support of his family, but the present value thereof.

3. Where in such a case the trial judge makes a correct statement of the rule, although perhaps not so clear and explicit as to insure its full understanding by the jury, counsel should ask at the time for fuller and plainer instructions, and if they fail to do so they have no standing on appeal to ask for a reversal of the judgment.

Argued Oct. 5, 1909. Appeal, No. 176, Oct. T., 1909, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1908, No. 153, on verdict for plaintiff in case of Catherine A. Irwin v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

During the course of his charge the trial judge used the following language:

[What you will award this plaintiff if you award her anything is the amount that the deceased would ordinarily have paid for the support and maintenance of his wife and minor children during the balance of his life.] [1]

[You first award this plaintiff what in your judgment Morgan Irwin would have given his wife and minor children for their support if he had lived.] [2]

Verdict and judgment for plaintiff for $12,600. Defendant appealed.

*Errors assigned* among others were (1, 2) above instructions quoting them; (4) in refusing binding instructions for defendant.

*Orr Buffington,* with him *Oliver W. Gilpin,* for appellant.

*C. E. Harrington,* with him *D. M. Geist,* for appellee.

OPINION BY MR. JUSTICE FELL, January 3, 1910:

The plaintiff's husband was an engineer on the defendant's road and was killed in an accident caused by the derailment of a freight car and its projection on the track on which his engine was running. The derailment of the car was caused by a broken flange of one of its wheels, and there was testimony tending to show that the break in the flange was an old one and existed when the car was received at the defendant's yard, which was a place for regular inspection; that the break would have been discovered if a proper inspection had been made; that if any inspection was made, it was made by an inexperienced and inadequately instructed employee who failed to make the usual tests. This testimony made out a prima facie case which could not have been withdrawn from the jury, and we find no error in its submission that requires a reversal of the judgment.

The only assignments of error that need be noticed are the first and second. The parts of the charge included in these assignments, standing alone, are open to the objection urged against them, because the measure of damages in such a case is not the amount of the probable earnings of the deceased that would have gone to the support of his family, but the present value thereof. But these excerpts from the charge do not fully set out what was said by the court on the subject. In immediate connection with them it was said that the verdict "if for the plaintiff will be given for a lump sum, and it would draw interest from the date of the verdict. If Mr. Irwin had lived, his earnings would have been monthly and not as a lump sum, so that the jury can take into consideration in arriving at your verdict, if for the plaintiff, it will be for a net sum, which would draw interest from the time the verdict is rendered." This was a correct statement of the rule, although perhaps not so clear and explicit as desirable to insure its full understanding by the jury. It was, however, satisfac-

tory to counsel at the time, and if fuller and plainer instructions were desired, they should have been asked for.

The judgment is affirmed.