# Witmer *v.* Bessemer & Lake Erie R. R. Co., Appellant.

*Negligence—Contributory negligence—Automobile—Grade crossing—Damages for delay—Substantial error.*

1. There is no imperative duty requiring the driver of a motor car to stop on the tracks of a railroad company, after being committed to the crossing, because there might be more danger in stopping than in going ahead. It is his duty to use due care and to proceed cautiously, even after being committed to the crossing, but there is no imperative duty either to stop or to go ahead.

2. In an action to recover damages for personal injuries occasioned by a collision at a grade crossing of defendant's train with an automobile, in which plaintiff was riding, it appeared that the automobile was stopped at a proper place before attempting the crossing, that plaintiff and the driver of the car who was under plaintiff's direction looked and listened, and an approaching train was not then in view, that the automobile then started across the tracks, of which there were two at that point, and was struck. *Held,* the question of the contributory negligence of the driver of the car was for the jury.

3. In the trial of a negligence case to recover damages for personal injuries, it is error for the court to instruct the jury that in the assessment of damages they may allow a sum not exceeding six per centum per annum for delay in payment. Where, however, the court, conceding its error on a rule for a new trial, reduced the judgment to an amount thought to be sufficient to correct the error, the judgment will be affirmed, where no assignment of error correctly raises the question.

Argued April 29, 1913. Appeal, No. 122, Jan. T., 1913, by defendant, from judgment of C. P. Erie Co., May T., 1909, No. 18, on verdict for plaintiff in case of William A. Witmer v. Bessemer & Lake Erie Railroad

Company.   Before Fell, C. J., Mestrezat, Potter,
Elkin and Moschzisker, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before Walling, P. J.

From the record it appeared that at the time of the
accident plaintiff was riding in an automobile driven
by another, under the plaintiff's direction, along Poplar
street, in the City of Erie.   Upon Twelfth street, cross-
ing Poplar street, were constructed two tracks of de-
fendant railroad company, consisting of a main track
and a siding.   The distance between the two tracks was
eight feet four inches.   As the automobile approached
the tracks, it stopped for the purpose of enabling plain-
tiff and the driver to look and listen for a train, but on
account of intervening cars, the view of the main track
was somewhat obstructed.   Neither the plaintiff nor his
driver went forward to look for approaching cars, nor
did the automobile stop the second time after start-
ing to make the crossing.   The automobile first crossed
the switch and the rear portion of it was struck on the
main track by defendant's locomotive, which there was
evidence to indicate was running at a negligently high
rate of speed, without signals.   There was evidence that
after crossing the switch, plaintiff and his driver could
have seen the approaching train and could then have
stopped the automobile before reaching the main track;
plaintiff's evidence indicated that the approaching train
was not in fact seen until the front wheels of the auto-
mobile were on the main track.

Verdict for plaintiff for $4,582.74, of which $400.00
was remitted by the plaintiff, and judgment for $4,-
182.74.   Defendant appealed.

Errors assigned, among others, were the refusal of the
court to direct a verdict for defendant, and to enter
judgment for defendant n. o. v.

Frank Gunnison, of Gunnison, Fish, Gifford &

*Chapin,* with him *Templeton, Orr & Whiteman,* for appellant.

*John R. Brooks,* of *Brooks & English,* for appellee.

OPINION BY MR. JUSTICE ELKIN, May 12, 1913:

The single question for decision here is whether appellee should be declared guilty of contributory negligence as a matter of law. There is positive testimony that the driver stopped, looked and listened at the proper place before attempting the crossing and that the approaching train was not then in view. The fact that the driver did not stop his motor car at the customary place before proceeding to cross the tracks of appellant company is not seriously controverted. But even if this were a controverted question in the case under the evidence it was for the jury to determine the fact. This question was submitted to the jury, as was every other question of fact in the case, by the learned trial judge in a charge which impartially explained the respective contentions of the parties and the rules of law applicable to the facts. There can be no just criticism of the manner in which the trial judge submitted the case to the jury. It is argued for appellant that even if the driver of the motor car did stop at a proper place before proceeding to cross the railroad tracks at grade, he was not relieved from the duty of exercising due care after being committed to the crossing, and if during the time his car was on the tracks of the railroad company he saw the approaching train and could have avoided the collision by stopping his car until the train passed, it was his duty to do so, and failure to perform this duty was contributory negligence which would bar a recovery in the case. This may all be conceded but the question still remains what tribunal shall determine whether there was negligence by reason of failure to perform the duty suggested under all the circumstances of the case. It is only in clear cases where the facts are

undisputed and but one inference can be drawn from them that courts can declare as a matter of law a party guilty of contributory negligence. Under our cases there was no imperative duty requiring the driver of the motor car to stop on the tracks of the railroad company after being committed to the crossing because there might be more danger in stopping than in going ahead. It was his duty to use due care and to proceed cautiously even after being committed to the crossing, but there was no imperative duty either to stop or to go ahead. His duty in this respect depended upon the circumstances of the case and the dangers with which he was confronted. Whether he did all that his duty required him to do depended upon the facts and unless in a very clear case it is always the province of the jury to determine the facts. We see nothing in this case so exceptional as to take it out of the ordinary rule. The learned counsel for appellant has called our attention to some cases from other jurisdictions in which a distinction is made between the duty of the driver of a team and the driver of an automobile at a grade crossing. No such distinction has yet been made in any of our cases and we do not deem it necessary for the purposes of the present case to determine finally whether such a distinction should be made. No matter what the true rule may be in this respect, under the facts of the case at bar, it was for the jury to say whether the driver of the motor car could have avoided the collision if he had exercised due care after being committed to the crossing. We, therefore, conclude that this was a case for the jury both as to the negligence of the defendant and the contributory negligence set up as a defense to the action.

It is also urged for appellant that the learned court below erred in instructing the jury in the assessment of damages to allow a sum not exceeding six per centum per annum for delay in payment. This was error, as has been pointed out in a recent case by our Brother

MOSCHZISKER, wherein it was said: "In a personal injury case the damages are assessed as of the date of the trial and not of the injury; hence there can be no general compensation for delay": McGonnell v. Railways Co., 234 Pa. 396. This case simply reiterated what was said in the earlier cases: Weir v. Allegheny County, 95 Pa. 413; Pitts. Southern Railway Co. v. Taylor, 104 Pa. 306; Richards v. Natural Gas Co., 130 Pa. 37. In considering the motion for a new trial the learned court below in a spirit of frankness and fairness conceded error in this respect and reduced the judgment to an amount thought to be sufficient to correct the error. Complaint is now made that the court acted without authority in thus reducing the judgment, and that the amount deducted was not sufficient to make full allowance for the interest charged. Without going into the merits of this contention it only need be said for the purposes of the present case that there is no assignment of error properly raising this question. Under our rules an assignment is insufficient which simply avers in the language of the pleader that the court erred in this or that respect. An appeal is always from some definite action of the court below such as a judgment, decree or final order, and the judgment, decree or order appealed from must always be set out in the assignments of error. This also applies to an instruction of the trial court which is assigned for error. The assignment must set out in the language of the trial judge the instruction about which complaint is made. It was not sufficient in the present case to aver generally that the court erred in instructing the jury to add additional damages for delay. We are satisfied that substantial justice was done appellant by reducing the judgment and there being no sufficient assignment of error to raise this question, we do not feel warranted in reversing the judgment for this reason.

Judgment affirmed.