## Santangelo et ux. v. Montgomery County

*Edred J. Pennell,* for exceptants.

*W. Russell Green,* contra.

CORSON, J., January 18, 1935.—Exceptants in the present case, on October 3, 1933, filed their petition for a jury of view to ascertain damages caused by the taking of part of plaintiffs' property in the relocation and widening of State highway route no. 145 in the Borough of Norristown.

In accordance with the petition, a jury of view was

appointed, which held hearings and heard evidence of the damage sustained. On June 26, 1934, the viewers filed their report awarding damages to the plaintiffs in the sum of $1,650, such damages to be paid by the County of Montgomery, and on the same day such report was confirmed nisi.

On July 27, 1934, plaintiffs filed the present exceptions. These exceptions except to the amount awarded by the jury of view upon the allegation that such award is insufficient, inadequate, and not proper compensation inasmuch as the said award does not show that it includes interest from the date of taking of the property.

From the argument of counsel, it would appear that the board made its finding of damages on December 11, 1933, and fixed Friday, December 22, 1933, as the time when the plaintiffs or the county might appear and except to the award. There is nothing in the papers before us to show that any exceptions were ever taken to the amount of the award made at that time. However, from the brief filed by the plaintiffs, the attorney for the plaintiffs did appear at that time and verbally argue certain exceptions. Apparently, after hearing such argument, the jury further considered its finding, and finally, on June 29, 1934, handed in its report awarding the same amount as that fixed in October 1933.

There is nothing in the record to show that the award of 1933 did not include damages for the detention and taking of the property not only at the time of such taking, but for detention from the time of the taking up to the award of the jury. If the plaintiffs in this case felt that the award was insufficient, they had the right to appeal to this court and have the damages fixed by a court and jury.

In taking exceptions, it would seem that the plaintiffs are in effect asking this court to add to the award an amount which the court might find should be awarded as damages for detention or interest on the award of the

jury of view. This we feel we cannot do, and, unless there is some palpable error appearing upon the record, the exceptions must be dismissed.

From the papers as they are now before the court, we cannot find that the jury did not include all the legal items of damages in its award. There is a presumption of regularity in its award, and we must assume that it covered all proper items of damage. The question as to whether damages shall be allowed in the nature of interest for delay in payment is solely for the jury: Shevalier v. Postal Telegraph Co., 22 Pa. Superior Ct. 506.

"Interest as such is recoverable only where there is a failure to pay a liquidated sum due at a fixed day, and the debtor is in absolute default": Richards v. Citizens Natural Gas Co., 130 Pa. 37, 39.

In this case, the liability of the county is based upon no wrongful act of the county but only under a statute imposing the payment of damages upon the County of Montgomery. Until such damages have been fixed by a verdict of a jury of view, it does not become the duty of the county to pay and the county cannot be said to be in default in not paying prior to that time: Weir v. The County of Allegheny, 95 Pa. 413.

While a jury of view might award damages in lieu of interest, it is not bound to do so, and, as already indicated in the present case, upon the record as it stands we are unable to say that the jury did not include all items of damage in its verdict as framed. Certainly, the delay of the jury in failing to file its report cannot prejudice the rights of the County of Montgomery any more than the County of Montgomery could be compelled to pay damages for delay caused by the exceptions filed by the plaintiffs in the present case, if the county accepted the report and offered to pay the amount awarded by the jury of view.

Upon the record of this case, we feel that the exceptions must be dismissed.

And now, January 18, 1935, for the reasons given, the plaintiffs' exceptions to the award of the jury of view are dismissed. An exception to this ruling is allowed plaintiffs.   From Aaron S. Swartz, Jr., Norristown.