**KENDALL v. UNITED AIR LINES, Inc. et al.**

**SEBO v. UNITED AIR LINES, Inc. et al.**

**Nos. 87, 88, Docket 22432, 22433.**

United States Court of Appeals, Second Circuit.

Argued Oct. 9, 1952.

Decided Nov. 28, 1952.

Haight, Deming, Gardner, Poor & Havens, New York City, for United Air Lines, Inc., appellant, William J. Junkerman and David L. Corbin, New York City, of counsel.

Mendes & Mount, New York City, for Douglas Aircraft Co., Inc., appellant, Charles E. Howell, New York City, of counsel.

Duer & Taylor, New York City, for appellees, John S. Chapman, Jr., Leland B. Duer and John F. Woods, New York City, of counsel.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

SWAN, Chief Judge.

These consolidated appeals involve two actions, tried together, that grew out of the crash of a commercial airplane near Mt. Carmel, Pennsylvania on June 17, 1948. In each case the plaintiff is the widow and executrix of a passenger in the airplane who lost his life in the crash, and the defendants are the operator of the plane and the manufacturer from whom the operator had purchased it. In each action the plaintiff asserted a claim under the Pennsylvania wrongful death statute, sections 1601–1604 of Title 12, Purdon's Statutes, and also a claim, in the right of her decedent, under the survival statute, section 772 of Title 20 Purdon's Statutes. Federal jurisdiction rests on diversity of citizenship.

After a jury trial each plaintiff obtained judgment against both defendants on both causes of action. In the Kendall action the jury's verdict was $125,000 in the death action and $25,000 in the survival action; in the Sebo action the verdict was $80,000 in the death action and $20,000 in the survival action. The defendants have appealed.

The question raised by the appeal lies within narrow compass. The trial judge charged that the jury in its discretion, if it found for the plaintiff, might add interest from the date of the accident to the date of the verdict, computed at a rate not to exceed 6 per cent. per annum "upon the total damages which you may determine to award." To this charge the defendants excepted. Since the tort was committed in Pennsylvania, the law of that state is controlling, and the sole question for decision is whether under Pennsylvania law the charge was correct. We say this is the sole question because we think the other points urged by the appellees in support of the charge have too little merit to require discussion. It is absurd to suggest that the error, if it was one, was not prejudicial; and the argument that the exception was not sufficiently specific is to the last degree formal and technical. Nor can we accept the argument that the charge related only to the death action and not to the survival action; the jury would almost certainly have understood that they might allow interest in both.

In support of the charge as to interest the plaintiffs argue that an action under the Pennsylvania wrongful death statute is an action to compensate the dependents of the deceased for the pecuniary loss caused them by his death, and the damages awarded for the negligent act which caused it "are such as result to the property rights of the person or persons for whose benefit the cause of action was created."[1] The argument then proceeds that the jury is instructed to determine such damages as of the date of death and, if the amount thus found had been paid on death, the plaintiffs would have had the use of the fund from that date; hence they should be compensated for any delay in payment which occurs between the death and the verdict of the jury and interest may be considered as an equivalent of compensation for such delay, just as in annuity cases, where the jury may allow interest on installments of an annuity in arrears.[2] Whether we should find such argument persuasive if free to exercise independent judgment we need not say. Our function is to determine how we think the Supreme Court of Pennsylvania would decide.

The plaintiffs rely principally upon Pennsylvania Coal Co. v. Nee, 9 Sadler, Pa., 579, 13 A. 841, 848 and Frounfelker v. Delaware, L. & W. R. R. Co., 73 App.Div. 350, 76 N.Y.S. 745. In the Nee case, an action by a father to recover damages for the death of his son, the trial judge charged that the jury should ascertain what the probable value of the son was to his father at the time of the son's death and "then he would be entitled to interest on it up to the present time." On appeal the court said that "The rectitude of the rulings and charge of the court below is so obvious as to require nothing from us in the way of their support." This was pure dictum as the propriety of the court's charge as to interest had not been objected to in the trial court nor assigned as error on appeal. So far as we can ascertain the case has not been cited in any later Pennsylvania decision. It is apparently contrary to the rule of statutory interpretation previously announced in Weir v. County of Allegheny, 95 Pa. 413, 415, where the court said: "* * * where the liability arises wholly by virtue of a statute, and no provision for interest is made therein, interest cannot be allowed as a part of the damages, either as a matter of law or at the pleasure of the

1. Van Beeck v. Sabine Towing Co., 300 U.S. 342, 348, 57 S.Ct. 452, 455, 81 L. Ed. 685 (involving a federal statute); Fitzgerald v. Edison Electric Illuminating Co., 207 Pa. 118, 122, 56 A. 350; Kaczorowski v. Kalkosinski, 321 Pa. 438, 441–442, 184 A. 663, 104 A.L.R. 1267.

2. Addams v. Heffernan, 9 Watts, Pa., 529, 543; Estate of Brotzman, 133 Pa. 478, 487, 19 A. 564.

jury."[3] In the Frounfelker case in a New York court, expert testimony was introduced as to the Pennsylvania law. That is to say the foreign law was determined as a question of fact on the evidence presented. Apparently the expert witnesses relied on the dictum in the Nee case. It does not appear that the jury was charged on the subject of interest but apparently after the jury returned its verdict for the plaintiff, the clerk of the court added interest from the date of death to the date of the verdict pursuant to section 1904 of the New York Code of Civil Procedure. This was held to have been error. In our opinion the Frounfelker case furnishes no support whatever to the plaintiffs' argument.

Turning to decisions subsequent to the Nee case, it appears to us quite clear that the charge there given does not correctly state the present Pennsylvania law. In Irwin v. Pennsylvania R. R. Co., 226 Pa. 156, 75 A. 19, a wrongful death case, the trial court charged that the verdict, if for the plaintiff, "will be given for a lump sum, and it would draw interest from the date of the verdict." On appeal the Supreme Court said that "This was a correct statement of the rule, * * *." This also was a dictum, since the defendants, who appealed, took no exception to the charge as to interest, and the plaintiff, who alone was adversely affected by postponement of interest to the date of the verdict, took no appeal.[4] While there appears to be no Pennsylvania decision under the death statute precisely in point, in numerous cases the general principle has been announced that "In cases sounding in tort or for unliquidated damages, interest does not run until the amount is fixed by the verdict."[5] The theory appears to be that unless the defendant can compute with some certainty the amount he ought to pay to compensate the plaintiff for the loss inflicted by the defendant's wrongful act, that is to say, unless the damages are for a liquidated sum, the defendant should not be charged for delay in making payment. It is difficult to conceive of damages more uncertain in amount prior to the jury's verdict than those recoverable under a wrongful death statute. The jury must determine not only what the future earnings of the deceased would have been had he lived but also how much of them he would have contributed to his dependents. Similar uncertainty exists under the survival statute where the jury must determine as the principal item of damage how much of his future earnings the deceased would have reserved for his personal use. Consequently we think that under Pennsylvania law the charge as given was incorrect.

If we could be certain as to the exact amount of interest which the jury allowed in reaching their verdict, it might be possible to direct a remittitur and affirm the judgment for the lesser amount.[6] But since the jury was instructed that they might add interest not exceeding 6 per cent. per annum and there is nothing to indicate what rate of interest they used, we think it is necessary to remand the causes for a new trial unless the respective plaintiffs will agree to a remittitur.[7]

In each case the judgment is reversed and the cause remanded unless the plaintiff agrees to a remittitur acceptable to the appellants.

3. The Weir case did not involve the wrongful death statute. But it does appear to lay down a rule of interpretation of statutes which create a cause of action and are silent as to interest. The Pennsylvania wrongful death statute contains no provision with respect to interest; nor does the survival statute. Restatement, Torts, § 925, states: "The measure of damages for causing the death of another depends upon the interpretation of the statute which creates the right of action."

4. See also the recent case of Ferne v. Chadderton, 1949, 363 Pa. 191, 69 A.2d 104, where the court discusses the measure of damages under the death statute and the survival statute without any reference to the allowance of interest.

5. See City of Carbondale School District v. Fidelity & Deposit Co., 346 Pa. 491, 493, 31 A.2d 279, and cases therein cited; Citizens' Natural Gas Co. v. Richards, 130 Pa. 37, 18 A. 600; Conover v. Bloom, 269 Pa. 548, 112 A. 752.

6. See Witmer v. Bessemer & Lake Erie R. R. Co., 241 Pa. 112, 88 A. 314.

7. See Emerson v. Schoonmaker, 135 Pa. 437.