## CHARLES RICHARDS v. CITIZENS NATURAL GAS COMPANY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF BEAVER COUNTY.

Argued October 7, 1889—Decided November 4, 1889.

[To be reported.]

1. In the absence of an express contract to pay it, interest as such is recoverable only in cases where there has been a failure to make payment of a liquidated sum due at a fixed day, and by reason thereof the debtor is in absolute default.

2. In actions of tort, or in any actions where the damages are not in their nature capable of exact computation, both as to time and amount, no interest is recoverable eo nomine, the default of the defendant not being of a sufficiently absolute nature.

3. In actions for unliquidated damages, whether sounding in tort or in contract, whenever the damages are to be assessed on the principle of compensation, and with reference to a definite standard, such as market value, the jury may give additional damages in the nature of interest.

4. Such additional damages are not properly interest, nor are they recoverable of right, as interest is : they are simply compensation for delay, measured by the rate of interest, and their allowance depends upon the circumstances of each case and is to be determined by the jury.

(a) In an action to recover damages for the negligent destruction of property, the jury were instructed as matter of law, if they should find the plaintiff entitled to damages, to include in their verdict interest upon such damages, from the date of the accident.

5. Such an instruction is a technical error, but in such case, instead of reversing therefor a judgment recovered by the plaintiff, the Supreme Court may, with his assent, reduce the amount of the judgment by striking out the interest, and thereupon affirm.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 40 October Term 1889, Sup. Ct.; court below, No. 313 December Term 1887, C. P.

On November 29, 1887, Charles Richards brought trespass against the Citizens Natural Gas Company, to recover damages for the destruction of his household goods, caused by an explosion of natural gas alleged to have occurred in consequence

of the defendant's negligence. The defendant's plea was not guilty.

At the trial, November 15, 1888, it was shown that on November 7, 1887, an explosion of natural gas escaping from the line of the defendant company, destroyed the house occupied by the plaintiff in the borough of New Brighton, with all its contents except the kitchen stove, the goods thus destroyed being the property of the plaintiff. The plaintiff presented testimony tending to show that the escape of the gas from the defendant's line was due to the negligence of the defendant, and evidence was adduced for the defendant tending to rebut this testimony.

At the conclusion of the testimony the court, WICKHAM, P. J., after instructing the jury as to the legal duties and responsibilities of the parties, and submitting to them the question whether the injury resulting from the explosion was caused by the negligence of the defendant, without any contributory negligence on the plaintiff's part, charged further as follows:

" If you find that the plaintiff is entitled to damages, you should give him the actual money value of the loss and injury to his property, with interest from the date of the explosion." [1]

The jury rendered a verdict in favor of the plaintiff for $406.62. The defendant having moved for a new trial, the motion after argument was overruled and judgment entered upon the verdict, WICKHAM, P. J., filing an opinion which was not printed in the paper-books. Thereupon the defendant took this appeal, assigning for error:

1. The part of the charge relating to interest.[1]

*Mr. W. H. S. Thomson* (with him *Mr. Martin*), for the appellant:

Interest is not generally allowable on unliquidated damages: Mowry v. Whitney, 14 Wall. 620. This case is similar to that of Weir v. Allegheny Co., 95 Pa. 413, except that the action in the latter case was brought under a special statute. The principle, however, is the same in both cases. There, as here, the action was for unliquidated damages, where no benefit accrued to the defendant by reason of the injury complained of. Both actions were to recover for property actually destroyed, and not for consequential injuries, such as the suspension of

business. Measured by the rule laid down in the Weir case, the plaintiff in this case was not entitled to interest. But, if he could claim interest at all, it could only be at the pleasure of the jury: 2 Sedgwick on Damages, 158; Hermits of St. Augustine v. Philadelphia County, Bright. 116. Hence the court erred in giving binding instructions to the jury, if they found for the plaintiff, to give him interest from the date of the explosion.

*Mr. F. H. Laird* (with him *Mr. John M. Buchanan* and *Mr. G. L. Eberhart*), for the appellee:

The only case cited by the defendant in which the question raised by the assignment of error was squarely involved, is Weir v. Allegheny Co., 95 Pa. 413. As a general authority that case was completely cut up by the roots in Allegheny City v. Campbell, 107 Pa. 530. The allowance of interest is proper, because without it the plaintiff's remedy would be inadequate: Allegheny City v. Campbell, supra; Del. etc. R. Co. v. Burson, 61 Pa. 381. The company was responsible for all damages occasioned by its negligence: Act of May 29, 1885, P. L. 29. Hence interest, as damages, was recoverable as matter of law: 2 Sedgwick on Damages, 158; Penna. R. Co. v. Patterson, 73 Pa. 491. The charge of the court was substantially correct: Penna. etc. R. Co. v. Ziemer, 124 Pa. 560; Old Colony R. Co. v. Miller, 125 Mass. 1. Even if the law were otherwise, there is nothing to show that the jury gave interest on a fixed sum. If a part of the verdict was interest, there was not such a substantial injury as would justify sending the cause back to the lower court.

Opinion, Mr. Justice Mitchell:

Interest as such is recoverable only where there is a failure to pay a liquidated sum due at a fixed day, and the debtor is in absolute default. It cannot, therefore, be recovered in actions of tort, or in actions of any kind where the damages are not in their nature capable of exact computation, both as to time and amount. In such cases the party chargeable cannot pay or make tender until both the time and the amount have been ascertained, and his default is not therefore of that absolute nature that necessarily involves interest for the delay. But

there are cases sounding in tort, and cases of unliquidated damages, where not only the principle on which the recovery is to be had is compensation, but where also the compensation can be measured by market value, or other definite standards. Such are cases of the unintentional conversion or destruction of property, etc. Into these cases the element of time may enter as an important factor, and the plaintiff will not be fully compensated unless he receive, not only the value of his property, but receive it, as nearly as may be, as of the date of his loss. Hence it is that the jury may allow additional damages, in the nature of interest, for the lapse of time. It is never interest as such, nor as a matter of right, but compensation for the delay, of which the rate of interest affords the fair legal measure.

These principles have been very recently affirmed by this Court in Penna. etc. R. Co. v. Ziemer, 124 Pa. 571, and Plymouth Tp. v. Graver, 125 Pa. 37; and, although, as said by our brother CLARK in the last case, there is some conflict in the decisions: Railroad Co. v. Gesner, 20 Pa. 242; Del. etc. R. Co. v. Burson, 61 Pa. 380; Pittsb. S. Ry. Co. v. Taylor, 104 Pa. 306; and Allegheny City v. Campbell, 107 Pa. 530, it is not so much in regard to the principles, as in the mode of expression. The contest has been whether the allowance should be made or not; and the name by which it should be called, whether interest or compensation for delay, measured by the rate of interest, received little attention, and it was incautiously said that interest was or was not to be allowed. The distinction, however, is important, for failure to observe it leads to confusion, as in the present case. Interest is recoverable of right, but compensation for deferred payment in torts depends on the circumstances of each case. The plaintiff. may have set his damages so inordinately high as to have justified the defendant in refusing to pay, or in other ways the delay may be plaintiff's fault; or, the liability of defendant may have arisen without fault, as in Weir v. Allegheny Co., 95 Pa. 413. In such cases the jury probably would not, and certainly ought not to make the allowance. It was said by LEWIS, J., in Railroad Co. v. Gesner, 20 Pa. 242, " the second exception raises the question whether interest can be allowed on the compensation from the time when the company took possession of the land. . . . . A

purchaser in possession of land under articles is bound to pay interest, unless relieved by the equity of peculiar circumstances, upon the principle that a just compensation cannot be made without paying not only the value, but interest on the value to compensate for the delay. This is the rule, unless the delay has been caused by a party claiming the interest." This was said in a case of damages for the taking of land by eminent domain; but, notwithstanding some confusion of thought in the analogy of a purchase of land under articles of agreement, and some carelessness in the use of the term interest, it illustrates the true rule that in actions like the present, interest is not recoverable as such, and the allowance of compensation for delay depends on the circumstances, and must therefore be determined by the jury. The learned judge below inadvertently directed the jury to allow interest as a matter of law. This was a technical error, but as the amount is quite small, and the defendants in error have expressed their desire to yield it rather than have the controversy further prolonged, the judgment will not be reversed, but will be reduced by striking off the interest.

> Judgment reduced nunc pro tunc, as of November 17, 1888, to $383, and thereupon judgment affirmed.