## Irvine *v.* Smith, Appellant.

*Lateral support—Conflicting evidence—Question of fact for jury.*

In an action against contractors for a subway to recover damages for injuries to a building alleged to have been caused by the negligent excavation of the defendants, the case is for the jury, and a verdict and judgment for plaintiffs will be sustained, where the evidence for plaintiffs showed that their building had been completed in a substantial and workmanlike manner shortly before the excavation was made, and that the contractors had not adopted the usual and ordinary methods to protect the foundation of adjoining buildings. In such a case the proper measure of damages is the actual damage done to plaintiffs' property, to which the jury may add compensation for the delay in the payment of the same.

Argued Jan. 13, 1902. Appeal, No. 244, Jan. T., 1901, by defendants, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1899, No. 121, on verdict for plaintiffs in case of William B. Irvine et al., trading as Irvine & Carty, v. E. B. Smith et al., trading as E. D. Smith & Company. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for injuries to a two-story brick manufactory on Pennsylvania avenue, Philadelphia. Before Sulzberger, J.

At the trial it appeared that the defendants were contractors for the construction of the subway of the Reading Railway Company. The plaintiffs introduced evidence which tended to show that the defendants so negligently conducted their work that proper lateral support was affected, and that their building cracked, sank, settled and became out of plumb, and was seriously warped, injured and damaged. The defendants introduced testimony tending to show that the work was conducted in a proper manner.

The court submitted the case to the jury.

Verdict and judgment for plaintiffs for $4,000. Defendants appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*E. Cooper Shapley*, for appellants.

*John C. Bell*, with him *Joseph L. Caven*, for appellees.

PER CURIAM, October 13, 1902:

The right of the plaintiff in this action to recover depended upon questions of fact which were very properly submitted to the jury under instructions from the court.

A careful examination of the evidence shows that the plaintiffs' building was finished in May, 1897, and the evidence in relation to its construction, which is practically uncontradicted, shows the same to have been built in a substantial and workmanlike manner. In March, 1898, the city, by its contractors, made certain excavations for a subway along the line of the plaintiffs' building to a depth of thirty to thirty-five feet and within twenty inches of it. It was distinctly testified to by both James J. Ryan and Robert Bowers, who were carpenters and builders of upwards of thirty years' experience, that the usual and ordinary methods adopted in order to protect the foundations of adjoining buildings were not adopted by the contractors. This was, however, denied by the defendants and the question of negligence was therefore submitted to the jury.

The proper measure of damages was the actual damage done to plaintiffs' property, to which the jury might add compensation for the delay in the payment of the same. No one contends for a moment that the plaintiffs were entitled to interest, and the jury were so instructed by the court in his charge to them. It was then the province of the jury, under such instructions, to find from the evidence whether or not the defendants had been negligent in their manner of doing the work, and having done so to render a verdict in accordance with the evidence.

Judgment affirmed.