## Conover *v.* Bloom, Appellant.

*Negligence—Damages—Personal injuries—Allowance for delay in payment.*

1. In an action for personal injuries, allowance cannot be made for delay in payment of damages, because the damages are assessed as of the date of the trial, and not of the injury.

2. Where the case is for personal injuries and for injuries to an automobile, allowance may be made for delay in payment of damages for injuries to the automobile, but not for the personal injuries, and if this distinction is not brought to the attention of the jury, a judgment on a verdict for plaintiff will be reversed.

*Negligence—Damages—Evidence—Reference to insurance.*

3. In a personal injury case, no reference should be made to the fact that defendant was insured, either in the form of testimony, or by remarks of court or counsel.

Argued February 8, 1921. Appeal, No. 251, Jan. T., 1921, by defendant, from judgment of C. P. Delaware Co., Sept. T., 1919, No. 82, on verdict for plaintiff, in case of S. Harry Conover v. Samuel Bloom. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries and for injuries to an automobile. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned,* inter alia, were admission of evidence as to insurance and (6) instruction, appearing by the opinion of the Supreme Court, quoting the record.

*John A. Poulson,* for appellant. ·

*Fred Taylor Pusey,* for appellee.

OPINION BY MR. JUSTICE SADLER, February 28, 1921:

Conover brought an action of trespass against Samuel Bloom to recover, as damages sustained by reason of the negligent operation of an automobile, compensation for his personal loss, as well as for injury to his car. A trial resulted in a verdict for the plaintiff. Upon request, the jury was told that allowance could be made, in its verdict, for the delay in payment of the damages to be awarded, and the instruction given by the court is the subject of the sixth assignment of error.

In proper cases, when the action is in trespass, compensation, not exceeding the legal rate of interest, may be given for undue detention of the recoverable sum. This is permissible on the ground that there has been an improper withholding of what is due. The rule therefore, cannot be invoked where the demand made was unreasonable (Pierce v. Lehigh Valley Coal Co. (No. 2), 232 Pa. 170) ; a fact, however, which must be made to appear affirmatively by the defendant: Hoffman v. Philadelphia, 261 Pa. 473.

Nor is such compensation proper in all such actions. Where real property has been taken, injured, or destroyed, it is an allowable element (Hoffman v. Phila., supra), and the same is true where the damage is inflicted upon personal property (City of Allegheny v. Campbell, 107 Pa. 530; Plymouth Township v. Graver, 125 Pa. 24; Mead v. Central Penna. Traction Co., 54 Pa. Superior Ct. 400) ; but not where the claim is for personal injuries, for then the damages are assessed as of the date of the trial, and not of the injury : McGonnell

v. Pittsburgh Ry. Co., 234 Pa. 396; Witmer v. Bessemer & Lake Erie R. R. Co., 241 Pa. 112.

In the present case, allowance could properly have been made for delay in payment for the injury to the automobile (a comparatively small portion of the claim submitted), but not as to the award of compensation for the damage sustained by Conover himself; and there was a failure to point out to the jury the difference in the rules to be applied—an error which requires a reversal. The sixth assignment of error is sustained.

The conclusion reached renders unnecessary a discussion of the other matters suggested. Reference should, however, be made to what, on the face of the record, has the appearance of an attempt to bring to the attention of the jury the fact that defendant was insured. As has been frequently pointed out (Curran v. Lorch, 243 Pa. 247; Scranton Gas & Water Co. v. Weston, 63 Pa. Superior Ct. 570), caution should be exercised to prevent the injection of any such statement into the case, either in the form of testimony, or by remarks of court or counsel. Doubtless all ground for such complaint will be avoided on a retrial.

The judgment is reversed with a venire facias de novo.