## Michie v. Patterson-Emerson-Comstock, Inc.

*J. R. Stanton*, for plaintiff.

*Krusen, Evans & Shaw*, for defendants.

FLOOD, J., March 6, 1956.—The question raised by the record in this dispute between plaintiff, a workmen's compensation claimant, and defendants, his employer and its insurance carrier, is whether or not a claimant, who has accepted a settlement offer from a third party tortfeasor, the net balance of which exceeds the amount of compensation due and unpaid at the time of settlement, may recover from his employer

interest on deferred payments as set forth in the order awarding compensation.

Plaintiff sustained personal injury in the course of his employment in an automobile accident on October 28, 1952. He and the insurance carrier defendant agreed on November 21, 1952, that plaintiff should receive compensation at a weekly rate of $30, commencing November 6, 1952. Compensation was paid until December 1, 1952, when plaintiff returned to work at regular wages. Subsequently, a dispute arose as to whether or not plaintiff's disability recurred. On March 3, 1954, defendants petitioned the board to terminate the compensation provided in the agreement as of December 1, 1952. After hearings, the petition was denied. An order was entered awarding compensation at varying weekly rates for the following periods: From December 28, 1952, until January 11, 1953; from March 9, 1953, until August 1, 1953; from August 1, 1953, until August 16, 1954, and thereafter, "until such time as the claimant's disability shall cease or change in extent".

This award, entered March 9, 1955, stated: "The above order is to bear interest at the rate of 6% per annum on deferred payments in accordance with Section 410 of the Pennsylvania Workmen's Compensation Act".

On April 18, 1955, plaintiff accepted an offer of $18,000 in settlement of his claim for damages against a third party arising out of the same accident for which he was awarded compensation. It is not clear from the record when the settlement was completed and whether or not defendants were reimbursed for payments made prior to December 1, 1952.

According to defendants' brief, defendants filed an appeal with the board requesting it to set aside the order because of the settlement. The board refused

because future disability might conceivably result in a total claim for compensation exceeding the net sum recovered in settlement.

Plaintiff entered judgment against defendants for $134.48 on January 27, 1956, in accordance with the following statement:

"Compensation awarded by Award and balance payable thereunder, less credit arising from defendants' right of subrogation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . none
"Interest awarded by Award . . . . . . . . . . . $117.90
"Interest from April 25, 1955 . . . . . . . . . . . 17.39

$134.48"

It is not clear how the interest was computed. Since defendants do not question the amount we assume that the sum for which judgment was entered correctly represents interest on deferred payments which were awarded by the referee but never paid.

The act provides that compensation shall be payable in periodical installments, as the wages of the employe were payable before the accident (Act of June 2, 1915, P. L. 736, art. III, sec. 308, as amended, 77 PS §601) and that whenever any claim for compensation is finally adjudicated in favor of a claimant, the amounts of compensation actually due at the time the first payment is made shall bear interest at the rate of six percent per annum from the day such claim was presented: Id., art. IV, sec. 410, as amended, 77 PS §751.

The act also provides as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the

employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation": Id., art. III, sec. 319, as amended, 77 PS §671.

Defendants contend that they have become "subrogated for any sum" owed plaintiff and that since no compensation is due, a fortiori, no interest is due. Plaintiff contends that he should have received his compensation "regularly" and that there could be no "subrogation" for "interest liability", since the recovery from the tortfeasor did not include interest.

Whether or not an employer who paid interest to a claimant or who owed claimant interest is subrogated thereto or is entitled to credit therefor depends upon whether the word "compensation" in the subrogation section quoted above, includes interest. There is broad language in the cases that the employer is subrogated to the fullest extent under section 319, that he is to be reimbursed for whatever sums he was required to pay the employe. Myers v. Philadelphia Daily News, 168 Pa. Superior Ct. 561 (1951), and Haley v. Matthews, 104 Pa. Superior Ct. 313 (1931) are examples. In the Haley case the court held that for purposes of subrogation "compensation" includes sums expended for medical and hospital bills. In the Myers case the court held that for the purpose of subrogation, "compensation" includes liability for burial expenses. The distinction between such expenses and interest is apparent. The former are proper elements of damages in

an action at law against the wrongdoer, but interest is not. Neither interest, as such, nor damages for delay in paying compensation, are recoverable in personal injury actions in Pennsylvania: Conover v. Bloom, 269 Pa. 548 (1921); Witmer v. Bessemer & Lake Erie R. R. Co., 241 Pa. 112 (1913); McGonnell v. Pittsburgh Rys. Co., 234 Pa. 396 (1912); Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306 (1883).

Plaintiff's right to interest, for not having received compensation periodically as his wages were payable before the accident, is a purely statutory right against his employer. He could not have recovered this statutory interest from the tortfeasor and, therefore, there was nothing in the way of a recovery of interest to which the employer could become subrogated. Therefore, we cannot see how the employer can be permitted to recover interest paid from the employe or be entitled to credit for interest owed where there is a net recovery from a third party in excess of compensation presently payable. It was a plain purpose of the act to make compensation for employment accidents payable during disability and to shift to the employer the burden or expense arising from delay in the adjudication of a claim. Plaintiff here was entitled to receive promptly the compensation which was awarded him, and he was entitled to interest on deferred payments. The employer or its insurer should not be permitted to shift back to him the burden or expense of delay, which the statute has placed on them, by withholding compensation pending the adjudication of his rights against a third party. To rule otherwise would encourage insurers to withhold compensation pending settlements with third parties in the hope of escaping interest liability, a practice flatly contrary to one of the purposes of the statute.

Defendants' rule to open the judgment is discharged.