438 Pa. 72 (1970)
Marrazzo et al., Appellants,
v.
Scranton Nehi Bottling Company, Inc., Appellant.
Supreme Court of Pennsylvania.
Argued January 9, 1970.
March 20, 1970.
*73 Before BELL, C.J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.
Paul A. Barrett, with him Russell J. O'Malley, and Nogi, O'Malley & Harris, for plaintiffs.
Harry P. O'Neill, Jr., with him Ralph P. Needle and Paul A. McGlone, for defendant.
OPINION BY MR. JUSTICE COHEN, March 20, 1970:
This action involves cross-appeals from judgments entered in plaintiffs' favor in a suit to recover damages for losses sustained as a result of the destruction of their property in a 1956 fire negligently caused by the defendant. In a previous appeal to this Court the liability issue was resolved favorably to plaintiffs. Marrazzo v. Scranton Nehi Bottling Company, Inc., 422 Pa. 518, 223 A. 2d 17 (1966). Pursuant to this Court's *74 instructions, additional testimony limited to the damage issue was heard by the trial judge sitting without a jury. The court below entered judgment nisi in favor of Michael and Rose Marrazzo in the sum of $21,500 (for the loss of their building) and in favor of John Marrazzo for $30,400 (for the loss of machinery and equipment). It then ordered interest to be paid on both amounts from December 22, 1956, the date of the fire. Defendant filed exceptions, and the court en banc modified the award of interest by making it payable from May 18, 1960, the date on which plaintiffs instituted suit. Defendant appeals from the award of any interest at all, and plaintiffs appeal from the action of the court en banc shortening the period for which interest was payable.
Although there is language in some early cases to the contrary, City of Allegheny v. Campbell, 107 Pa. 530 (1884); Pennsylvania Railroad Co. v. Patterson, 73 Pa. 491, 498-9 (1873), it is now the settled law in this Commonwealth that interest, as such, is not allowed in tort actions when the damages sought to be recovered are unliquidated. Girard Trust Corn Exchange Bank v. Brink's Inc., 422 Pa. 48, 57, 220 A. 2d 827 (1966); Carbondale City School District v. Fidelity and Deposit Company of Maryland, 346 Pa. 491, 31 A. 2d 279 (1943); Klages v. Philadelphia & Reading Terminal Co., 160 Pa. 386, 28 Atl. 862 (1894); Act of April 6, 1859, P.L. 381, § 1, 12 P.S. § 781 and 1 Sm. L. 7, § 2, 12 P.S. § 782.
This Court, however, has developed the doctrine that: ". . . there are cases sounding in tort, and cases of unliquidated damages, where not only the principle on which the recovery is to be had is compensation, but where also the compensation can be measured by market value, or other definite standards. Such are cases of the unintentional conversion or destruction of property, etc. Into these cases the element of time may *75 enter as an important factor, and the plaintiff will not be fully compensated unless he receive, not only the value of his property, but receive it, as nearly as may be, as of the date of his loss. Hence it is that the jury may allow additional damages, in the nature of interest, for the lapse of time. It is never interest as such, nor as a matter of right, but compensation for the delay, of which the rate of interest affords the fair legal measure." Richards v. Citizens Natural Gas Company, 130 Pa. 37, 40, 18 Atl. 600 (1889). Irvine v. Smith, 204 Pa. 58, 53 Atl. 510 (1902); Stevenson v. Ebervale Coal Company, 203 Pa. 316, 52 Atl. 201 (1902); Klages v. Philadelphia & Reading Terminal Co., supra; Campbell v. Baltimore & Ohio Railroad Company, 58 Pa. Superior Ct. 241 (1914). We have emphasized that compensation for delay in payment is not a matter of right but is an issue for the finder of fact, the resolution of which depends upon all the circumstances of the case.
In Pierce v. Lehigh Valley Coal Company (No. 2), 232 Pa. 170, 172, 81 Atl. 142 (1911), we outlined one important element: "The right to compensation . . . is, therefore, usually a question for the jury under the evidence submitted. If the fault in nonpayment of the claim rests with the defendant he cannot complain if he is required to compensate for the delay. If on the other hand the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against by litigation, he should not be penalized for the unwarranted conduct of the plaintiff and required to pay damages for the delay in the settlement of the claim." Conover v. Bloom, 269 Pa. 548, 112 Atl. 752 (1921); Stevenson v. Ebervale Coal Company, supra; Mead v. Central Pennsylvania Traction Company, 54 Pa. Superior Ct. 400 (1913). The theory behind this element is the belief that the defendant would have been *76 willing to settle the case at a much earlier stage if the plaintiff had made a reasonable demand and because the plaintiff made an unreasonable demand he cannot complain that he had not had the use of the money during the period of litigation. The burden of proving that the demand was unreasonable is upon the defendant. Conover v. Bloom, supra.
In this action, the lower court merely stated that interest was to be paid on both amounts from December 22, 1956. The court en banc, while referring to the award as interest, did recognize the distinction this Court has drawn between interest and compensation for delay. It stated: "While the Trial Judge did not indicate his reason for awarding interest from December 22, 1956, it would appear obvious that the said Judge felt he could not properly assign cause for the delay to either party exclusively, and, therefore, properly held that it was correct to add [to] the award, an additional amount in the form of interest so that the said award would bear some reasonable resemblance to what it would have meant had the Plaintiffs been allowed the use of it commencing with the date of the damage by the fire.
"While we agree with the award of interest in this case, we do not feel that the record thoroughly justifies the Trial Judge's action in awarding said interest from the date of December 22, 1956. We think a more appropriate date in fairness to all parties concerned and which is more thoroughly justified by the record in this case would be the date on which this action was instituted by the Plaintiffs, May 18, 1960." The court en banc erred in speculating that the trial judge felt he could not assign cause for the delay to either party exclusively. There is nothing on the record to indicate the trial judge employed the proper legal standard or what circumstances he considered in arriving at his decision. The record does disclose a wide *77 gap between the plaintiffs' demands and the final award, but this fact alone is not dispositive of the issue. All circumstances relevant to the delay must be developed and analyzed.
The judgment as to interest must be vacated and the record remanded so that the trial court can make findings of fact and conclusions of law as to the delay and determine whether compensation for that delay should be part of the final award.
Mr. Justice ROBERTS concurs in the result.
DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:
I dissent, and would not allow any interest in this trespass case. It is, and for a long time has been, the settled law in this Commonwealth that interest as such is not allowed in tort actions when the damages sought to be recovered are unliquidated: Girard Trust Corn Exchange Bank v. Brink's, Inc., 422 Pa. 48, 57, 220 A. 2d 827 (1966); Carbondale City School District v. Fidelity and Deposit Company of Maryland, 346 Pa. 491, 31 A. 2d 279; Klages v. Philadelphia & Reading Terminal Co., 160 Pa. 386, 28 Atl. 862; Act of April 6, 1859, P.L. 381, § 1, 12 P.S. § 781 and 1 Sm. L. 7, § 2, 12 P.S. § 782. If there are to be any exceptions, I believe they should not be applicable in this case.