498 A.2d 895

**FRANK B. BOZZO, INC., a Corporation**

**v.**

**ELECTRIC WELD DIVISION OF the FORT PITT DIVISION OF SPANG INDUSTRIES, INC., a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1984.

Filed Sept. 13, 1985.

424

Beth A. Frailey, Pittsburgh, for appellant.

Richard S. Dorfzaun, Pittsburgh, for appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

SPAETH, President Judge:

This is an appeal from a judgment entered in an action for breach of contract. The judgment includes an award of interest from the date of the breach. Appellant argues that the award is improper to the extent that it included interest on sums that were not fixed or ascertainable. We hold that with respect to such sums, compensation for delay in the nature of interest may nevertheless be awarded if in the circumstances of the case justice so requires. We therefore reverse and remand with instructions to the trial court to apply this standard, and to enter an award accordingly.

The action arose on appellee's claim that appellant had breached a contract to deliver a particular sort of steel mesh for appellee to use in paving a road. After trial, in 1978, judgment was entered in appellee's favor. On appeal, we affirmed the judgment as to liability but reversed and remanded for a new trial on damages. *Bozzo v. Electric Weld*, 283 Pa.Super. 35, 423 A.2d 702 (1980), *aff'd* 495 Pa. 617, 435 A.2d 176 (1981). At the trial on damages the jury awarded appellee $96,646.10, of which $47,774.93 was for increased overhead and administrative costs, $25,592.23 for increased equipment costs, $15,657.37 for increased steel mesh costs, and $2,872.28 for increased material costs. The trial court then molded the verdict to add $43,049.19, representing 6% interest from the date on which the contract was breached.

Appellant accepts the jury's award of damages but challenges the trial court's addition of interest. Appellant argues that in a breach of contract action, prejudgment

interest is recoverable only where the "damages ... award-ed were ascertainable at the time of the breach in accord-ance with the two prerequisites to the running of interest, *i.e.*, a debt liquidated with some degree of certainty and a fixed duty to pay." Brief for Appellant at 20. Applying this proposition, appellant concludes that the only prejudg-ment interest to which appellee is entitled is interest on such amount as represents "the difference in cost between F mesh and J mesh ... because these damages are ascer-tainable by mathematical computation from established market prices for mesh." *Id.* at 23. "The trial court", appellant states, "properly added interest on that amount." *Id.* Otherwise, in appellant's view, the court erred, for the other damages awarded by the jury were neither liquidated nor ascertainable. *Id.* at 24.

■ The contract here in question represented a transac-tion in "goods" within the Uniform Commercial Code, 13 Pa.C.S. §§ 2101 *et seq.* *Id.* §§ 2102, 2105. Although the U.C.C. does not expressly provide whether interest may be awarded as compensation for delay, it does provide the damages available to a buyer for breach of contract. These damages include "incidental and consequential damages." *See* 13 Pa.C.S. § 2712 (buyer that has covered "may recover ... any incidental or consequential damages...."); *id.* § 2713 (measure of damages for nondelivery or repudiation is "difference between the market price ... and the con-tract price, together with any incidental and consequential damages...."); *id.* § 2714 (where buyer has accepted non-conforming goods, "[i]n a proper case any incidental and consequential damages ... may also be recovered"). The U.C.C. defines a buyer's incidental and consequential dam-ages as follows:

**§ 2715. Incidental and consequential damages of buy-er**

(a) **Incidental damages.**—Incidental damages resulting from the breach of the seller include:

(1) expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected;

(2) any commercially reasonable charges, expenses or commissions in connection with effecting cover; and

(3) any other reasonable expense incident to the delay or other breach.

**(b) Consequential damages.**—Consequential damages resulting from the breach of the seller include:

(1) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and

(2) injury to person or property proximately resulting from any breach of warranty.

13 Pa.C.S. § 2715.

Comment 1 to § 2715 states that subsection (a)

is intended to provide reimbursement for the buyer who incurs reasonable expenses in connection with the handling of rightfully rejected goods or goods whose acceptance may be justifiably revoked, or in connection with effecting cover where the breach of the contract lies in non-conformity or non-delivery of the goods. The incidental damages listed are not intended to be exhaustive but are merely illustrative of the typical kinds of incidental damage.

 We think that under § 2715(a)(3), appellee may recover prejudgment interest as an "[i]ncidental damage[] resulting from [appellant's] breach" if that interest represents a "reasonable expense incident to the delay or other breach." *Id.* Let us assume that because of appellant's delay or other breach, appellee had to spend money it would not otherwise have spent. That money could have been earning interest. Depending on the particular circumstances, the loss of that interest may have been a "reasonable expense incident to [appellant's] delay or other breach."

This conclusion is consistent with the general purpose of the U.C.C. In particular, the U.C.C. provides that "the remedies provided by this title shall be liberally administered to the end that the aggrieved party may be put in *as good a position as if the other party had fully performed* but neither consequential or special nor penal damages may be had except as specifically provided in this title or by other rule of law." 13 Pa.C.S. § 1106 (emphasis added). Here, the jury found, and appellant does not dispute, that appellant's breach caused appellee to spend $96,656.10 at various times during 1974 and 1975, and that appellant is obliged to reimburse appellee for these expenses. Whether those expenses are described as liquidated or ascertainable damages, or by any other adjective, the fact remains that because of appellant's failure to pay them, appellee may have incurred reasonable expense in the form of lost interest. If this is so, then, to be "put in as good a position as if [appellant] had fully performed", 13 Pa.C.S. § 1106, appellee's damages must include payment of the interest it was unable to earn because the money on which it could have earned the interest had to be spent to meet the expenses incident to appellant's breach of contract.

Appellant insists, however, that "[t]here is no precedent to support a discretionary award of prejudgment interest in this case." Brief for Appellant at 28. We disagree with this statement. To the contrary, an examination of the precedents discloses that the common law of Pennsylvania is in accord with the provision of the U.C.C. that a buyer may recover as incidental damages "any ... reasonable expense incident to the delay or other breach." 13 Pa.C.S. § 2715(a)(3).

■ We may start by considering contract actions where the breach was a failure to pay either a fixed sum or a sum mathematically ascertainable, as, for example, by reference to market prices. In this type of case an award of prejudgment interest has been characterized as a right to which the plaintiff is entitled, *see Palmgreen v. Palmers Garage*, 383 Pa. 105, 108, 117 A.2d 721, 722 (1955), and this is true even

if there was a bona fide dispute as to the amount of the debt, *id.* *See also* Restatement Contracts § 337(a), adopted in *Penneys v. Pennsylvania Railroad Co.*, 408 Pa. 276, 183 A.2d 544 (1962); Restatement Contracts Second § 354(1). The justification for an award of prejudgment interest is that because the defendant knew or at least could have learned the amount of his debt, he should have tendered that amount to the plaintiff. Since he did not, and by failing to do so caused the delay of litigation, he has deprived the plaintiff of the use of that amount from the date of the breach to the date of the satisfaction of the judgment. Or to state it conversely, the defendant has for that period had the use of money now known to have been the plaintiff's. *See generally,* 5 Corbin on Contracts, §§ 1047, 1048 (1964), Restatement Second Contracts § 354, Comment d.

Where, however, the contract action is to recover an amount that is neither liquidated nor ascertainable, the defendant is unable to make a tender because he does not know what amount will satisfy his obligation. Because of this inability, some states have held that in such cases prejudgment interest may not be awarded. Corbin, *supra,* § 1048, note 3 (collecting cases). This rule has been criticized on the ground that "[i]n every case the plaintiff has suffered injury that ought to have been made good at once. If it had been made good, he would have had the use of all the money so paid him.... The principle of full compensation requires that he should receive the value of this use in the form of interest." *Id.,* 408 Pa. at 288, 183 A.2d 544. To the same effect, the United States Supreme Court has stated: "It has been recognized that a distinction in this respect, simply as between cases of liquidated and unliquidated damages, is not a sound one. Whether the case is of one class or the other, the injured party has suffered a loss which may be regarded as not fully compensated if he is confined to the amount found to be reasonable as of the time of the breach and nothing is added for the delay in obtaining the award of damages." *Funkhouser v. Preston,*

290 U.S. 163, 168, 54 S.Ct. 134, 136, 78 L.Ed. 243 (1933) (footnote omitted). Similarly, both Restatements of Contracts state that in cases where the debt is neither liquidated nor ascertainable, interest may be allowed as "justice requires", "on the amount that would have been just compensation if it had been paid when performance was due." *See* Restatement Contracts § 337(b); Restatement Second Contracts § 354(2).[1]

The common law in Pennsylvania is in accord with the Restatement view, although the cases express that view differently than do the Restatements. Thus, the cases draw a distinction between, on the one hand, interest *as such*, which is said to be recoverable only where the breach was a failure to pay a fixed sum or a sum mathematically ascertainable, and on the other hand, "compensation for delay", which is said to be "in the nature of interest" and is measured by the legal rate of interest. For example, in *Richards v. Citizen's Natural Gas Company*, 130 Pa. 37, 18 A. 600 (1889), it is said:

> Interest as such is recoverable only where there is a failure to pay a liquidated sum due at a fixed day, and the debtor is in absolute default. It cannot, therefore, be recovered in actions of tort, or in actions of any kind where the damages are not in their nature capable of exact computation, both as to time and amount. In such cases the party chargeable cannot pay or make tender until both the time and the amount have been ascertained, and his default is not therefore of that absolute nature that necessarily involves interest for the delay. But there are cases sounding in tort, and cases of unliquidated damages, where not only the principle on which the recovery is to be had is compensation, but where also the compensation can be measured by market value, or other

---

1. Comment as to Restatement Second Contracts § 354 states that that "[s]ection does not deal with the injured party's right to interest to compensate him for expenditures occasioned by the breach." The comment then refers to § 347, which provides, as do 13 Pa.C.S. § 2712–2715, that an injured party has a right to damages which include "any other loss, including incidental and consequential loss, caused by the breach...."

definite standards. Such are cases of the unintentional conversion or destruction of property, etc. Into these cases the element of time may enter as an important factor, and the plaintiff will not be fully compensated unless he receive, not only the value of his property, but receive it, as nearly as may be, as of the date of his loss. Hence it is that the jury may allow additional damages, in the nature of interest, for the lapse of time. It is never interest as such, nor as a matter of right, but compensation for the delay, of which the rate of interest affords the fair legal measure.

*Id.*, 130 Pa. at 39–40, 18 A. at 600.

*And see Marrazzo v. Scranton Nehi Bottling Co., Inc.*, 438 Pa. 72, 76–77, 263 A.2d 336, 337 (1970) (collecting cases).

 Whether this distinction is a mere play on words [2] is not for us to say, and is of no importance. What is important is that even where the breach was not the failure to pay a fixed or ascertainable sum, still the buyer may be entitled to recover "compensation for delay." To be sure, recovery will not be "a matter of right," as it is with "interest." *Marazzo v. Scranton Nehi Bottling Co., Inc., supra*, 438 Pa. at 75, 263 A.2d at 337. Rather, it will be "an issue for the finder of fact, the resolution of which depends upon all the circumstances of the case". *Id.*

 In considering whether "the circumstances of the case" warrant an award of "compensation for delay", the Supreme Court has said that "one important element" will be whether the fault for nonpayment rests with the defendant or the plaintiff. *Marrazzo v. Scranton Nehi Bottling Co., Inc., supra*, 438 Pa. at 75, 263 A.2d at 338. If, for example, the delay occurred because the defendant was obliged to resist an excessive demand by the plaintiff, it may well be that no damages for delay are warranted. *Id.* Stated generally, the inquiry must be whether in the cir-

---

**2.** Judge, now Chief Judge, ALDISERT of the Court of Appeals for the Third Circuit has described it as "a charming legal fiction in the true ancient Roman fictio, fictiones sense ..." *American Enka Co. v. Wicaco Machine Corporation*, 686 F.2d 1050, 1056 (3d Cir.1982).

cumstances of the cases "the plaintiff will not be fully compensated unless he receive" compensation for delay. *Richards v. Citizen Natural Gas Company, supra* 130 Pa. at 40, 18 A. at 600.

Professor Dobbs, in his treatise on remedies, sets forth an analysis essentially the same as the Supreme Court's. Although he does not distinguish between interest as such and compensation for delay, he emphasizes that compensation is the most important consideration and that whether the plaintiff has been fully compensated will depend upon the circumstances of the case. Thus he states:

> Courts have seemed to feel that it would be unfair to award interest on sums due from the defendant if he could not ascertain what those sums were and pay them to end the accrual of interest. This is the basis for the rule that affords interest only on liquidated or ascertainable claims but not on others. This attitude won't bear scrutiny. If the plaintiff has actually lost the use of his money, or the use of any other form of property, and if compensation is the goal of damages, he should be entitled to interest or some other measure of his loss whether the exact sum due him as principal is ascertainable or not. It is no more unfair to the defendant to hold him for interest on a sum he could not ascertain in advance than it is to hold him for the unascertainable sum itself, if interest does indeed measure the plaintiff's loss of use of the money or property. It is not, of course, a foregone conclusion that the plaintiff has lost interest or other use value of money or property, merely because moneys or properties due him were detained. But neither is it a foregone conclusion that he has no loss.
>
> Cases denying an award of interest also seem to assume that the defendant has received no gains by holding moneys due the plaintiff. Here again, this assumption may be correct in some cases, but it is certainly not in all of them. The landowner who does not pay his contractor when due may have a bona fide belief that no further sum is due. But if he is wrong and the contractor was entitled to the sum of $10,000 on June 1, then the land-

owner who delays payment for two years has had the use or use value of that $10,000 for a two year period. Either the landowner had the money in which case he could have invested it and produced the interest, or he would have had to borrow the money and pay the interest. In the former case, it is not unfair to make him disgorge the interest earned, or that which could have been earned by safe investment, not because he is a wrongdoer, but because he earned the interest by use of the plaintiff's money. In the latter case, the principle is much the same, except that the landowner has saved the payment of interest on a loan that would have been required if he was to pay the contractor when the money was due. Full acceptance of all this does not compel the award of interest in every case. It compels only the abandonment of the analysis based on liquidated or ascertainable claims. What remains when all the talk of liquidated and ascertainable claims is excised is a fairly rational collection of guidelines. (1) Would an award of interest duplicate any other elements already awarded? (2) Was there actually any loss by the plaintiff, and if not (3) was there any unjust gain by the defendant reasonably measurable in terms of interest? (4) Was there a contract between the parties on which the claim is based, and if so, does the nature of the contract indicate an intent to either charge or forego interest in the situation before the court? The answers to these questions would furnish a reasonable guide to the award of interest. Since courts have moved steadily toward more liberal grants of interest, and have increasingly departed from standards based upon liquidation of claims it seems reasonably likely that some such set of guidelines, of approximately, if not exactly, this order, will affect decisions—subject, of course, to local statutes.

D. Dobbs, Remedies 173–174 (1974).

We therefore conclude that under both the U.C.C. and the common law of Pennsylvania, in an action for breach of contract the factfinder may in a proper case award damages for delay. Where the breach was the

failure to pay a fixed or ascertainable sum, the damages will be awarded in the form of "interest as such" and as "a matter of right." *Marrazzo v. Scranton Nehi Bottling Co., Inc., supra,* and cases there collected. Otherwise, the damages will be awarded as necessary to ensure that in the particular circumstances of the case, the plaintiff has been fully compensated. *Id.* Such damages are designated not "interest as such" but rather "compensation for delay" "in the nature of interest", and are measured by the legal rate of interest. *Id.* The test for determining whether the plaintiff has been fully compensated has been variously stated, by the cases ("depends upon all the circumstances of the case"), the U.C.C. ("reasonable expense incident to the delay or other breach"), and the Restatements ("as justice requires"). The differences in these statements, however, are in our judgment stylistic only, not substantive.

In the present case, after the jury had returned its verdict, the parties agreed that the trial court should determine whether appellee was entitled to damages for delay. The court then awarded, as we have mentioned, $43,049.19, representing 6% interest on the verdict from the date on which the contract was breached. In its opinion in support of this award the trial court properly rejected appellant's argument that the award should have been limited to interest on only so much of the verdict as represented damages for appellant's failure to pay a fixed or ascertainable sum. Slip op. of tr. ct. at 21–26. The court did not, however, explain by what reasoning it had determined that the interest it awarded should be from the date on which the contract was breached. Rather, the court's discussion is limited to an examination of the law regarding when damages for delay may be granted, with no application of that law to the particular facts of this case.

A similar situation arose in *Marrazzo v. Scranton Nehi Bottling Co., Inc., supra.* There too the trial judge merely stated that interest was to be paid from a certain date. The court en banc expressed the opinion that the record did not support such an award, and that "in fairness to all parties", a later date was "more appropriate." *Id.* 438 Pa. at 76, 263

A.2d at 338. The Supreme Court held that the court en banc had erred, for nothing on the record demonstrated either that the trial judge had "employed the proper legal standard or what circumstances he considered in arriving at his decision." *Id.* Pointing out that "[a]ll circumstances relevant to the delay must be developed and analyzed," the Court vacated the judgment as to interest and remanded "so that the trial court can make findings of fact and conclusions of law as to the delay and determine whether compensation for that delay should be part of the final award." *Id.*, 438 Pa. at 77, 263 A.2d at 338. On the record before us, the same order is required.[3]

The judgment as to interest is vacated and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

**3.** Appellant also argues that the trial court erred in not admitting certain testimony into evidence. We do not discuss this argument, for the trial court's opinion adequately disposes of it.