OPINION OF THE COURT
Karla Moskowitz, J.
Plaintiff, Fedmet Trading Corp. (Fedmet), moves after trial, *928 pursuant to CPLR 4404 (b) to modify this court’s September 11, 1990 decision awarding judgment to Fedmet. Plaintiff contends that it is entitled to additional damages against defendant Ekco International Trading Corp. (Ekco), pursuant to Uniform Commercial Code §§ 2-714 and 2-715.
This action arose out of a contract between Fedmet and Ekco for the sale and delivery of 6,000 metric tons of reinforced concrete steel bars (rebars). At the conclusion of a nonjury trial, I determined, inter alla, that defendant Ekco had breached the terms of the contract by failing to supply Fedmet with rebars that met the ASTM-A-615 grade 60 standard. With respect to damages, I found that the settlement agreement negotiated between Fedmet, the intermediary buyer, and Transcontinental Steel Co. (Transco), the ultimate buyer, was negotiated at arm’s length and could be used to calculate the damages Fedmet could recover from Ekco (see, Happy Dack Trading Co. v Agro-Industries, Inc., 602 F Supp 986 [SD NY 1984]). The settlement agreement between Fedmet and Transco provides, in relevant part, as follows:
"1.2 Adjustment of Purchase Price and Payment Terms. The purchase price of all of the reinforcing bar in the First Shipment shall be U.S. $990,666.17 (i.e., U.S. $325.00 per metric ton times 3,126.76 metric tons less an adjustment of U.S. $30,000 plus interest at New York prime plus 1 percent for 30 days on U.S. $435,000.00, which equals U.S. $4,469.17. Transco shall pay this total amount to Fedmet in installments as follows:
"a. U.S. $200,000 previously paid;
"b. U.S. $239,469.17 on the date of this Settlement Agreement;
"c. U.S. $200,000 on April 8, 1989;
"d. U.S. $200,000 on May 8, 1989; and "e. U.S. $151,197 on June 7, 1989.
"If all installments are paid on or before the date due, no additional interest will accrue on any part of the total purchase price until due. If any installment is not paid when due, Transco shall be in default of its obligations under this Settlement Agreement and default interest shall accrue at New York prime plus 1 percent on the unpaid installment from the date payment for that installment was due until the date on which that installment has been paid.”
After trial, I determined that plaintiff’s recovery on the *929 settlement agreement was restricted to the $30,000 reduction in price caused by Ekco shipping nonconforming rebars.
Plaintiff now moves to modify the decision of this court claiming that, under UCC 2-714 and the principles enunciated in Happy Dack (supra), it is entitled to an additional $27,791.53 in general damages. Plaintiff asserts that its original contract with Transco provided for a lump-sum payment for the grade 60 rebars with interest at prime plus 1% from the vessel arrival date to the date of payment. Under the settlement agreement, Fedmet contends that it not only had to reduce the price of the goods because Ekco had delivered grade 40 and not grade 60 rebars but it also had to permit Transco to pay in installments and forego interest on the delayed payments. According to Fedmet, the amount of interest sought is measured by taking a prime rate of interest plus 1% and comparing it to the payment terms of the settlement agreement with the uncontroverted shipping dates of arrival. Plaintiff claims that because the reduction was not in principal but rather in a loss of interest, it should be of no moment in measuring damages. Alternatively, Fedmet urges that, if the court finds that it is not entitled to the additional general damages, it should be granted incidental damages pursuant to UCC 2-715 in the amount of $25,140.98, representing interest paid to its bank, which financed the purchase of the defective rebars, during the period it received no interest from Transco.
Ekco contests plaintiff’s claim of entitlement to either general or incidental damages contending these damages are unforeseeable, a double recovery or a penalty unauthorized by statute or case law.
Uniform Commercial Code §§ 2-714 and 2-715 measure damages for delivery of nonconforming goods:
"§ 2-714. Buyer’s Damages for Breach in Regard to Accepted Goods
"(1) Where the buyer has accepted goods and given notification (subsection [3] of Section 2-607) he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller’s breach as determined in any manner which is reasonable.
"(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
*930 "(3) In a proper case, any incidental and consequential damages under the next section may also be recovered.”
"§ 2-715. Buyer’s Incidental and Consequential Damages
"(1) Incidental damages resulting from the seller’s breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
"(2) Consequential damages resulting from the seller’s breach include:
"(a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
"(b) injury to person or property proximately resulting from any breach of warranty.”
These provisions are not the exclusive measure of damages. Rather, they offer reasonable standards that depend on the particular circumstances of each case and reflect the overriding goal of UCC remedies: to put the wronged party in as good a position as it would have been if the other party had fully performed (UCC 1-106; Fertico Belgium v Phosphate Chems. Export Assn., 70 NY2d 76 [1987]; Tesoro Petroleum Corp. v Holborn Oil Co., 145 Misc 2d 715).
Fedmet asserts that, as part of its damages, it is entitled to recover either interest lost or incurred because of the defective steel rebars. Plaintiff relies on Happy Dock (supra), in which the District Court held that a settlement agreement negotiated between an intermediate buyer and the customer for nonconforming goods was evidence of the reduction in market value of the goods for purposes of UCC 2-714 (2) in an action by the intermediate buyer to recover damages from its supplier. Plaintiff also relies on a Pennsylvania case, Willred Co. v Westmoreland Metal Mfg. Co. (200 F Supp 59 [ED Pa 1961]), as directly on point. In Willred (supra), a school furniture distributor brought an action against the manufacturer for late and defective deliveries. The plaintiff maintained that its customers, the New York and Baltimore School Boards, delayed paying because of defects in the furniture.
The court stated: "Although my attention has not been called to any case in which a buyer has been allowed interest on amounts withheld by a subpurchaser from him because of *931 defects in the goods, I believe that Sections 2-714 (3) and 2-715 of the Uniform Commercial Code provide for the recovery of such damages if they can be proved. [The language of 2-715 is 'any damages from delay or otherwise resulting from the breach.’] Any plaintiff suing for a balance due from a defendant is entitled to interest from the date of the defendant’s refusal to pay, and I see no reason in principle why, in a case like the present, the plaintiff should not be allowed to recover interest on money due but withheld by a third party for varying periods of time, the delay being due to the defendant’s breach of contract.” (Supra, at 69; n 4 [emphasis added].)
Although this court has found no cases specifically regarding forgiven interest, New York courts have recognized the right of a buyer to recover, under UCC 2-715, interest paid or incurred in connection with the purchase of defective goods. (Vernon v Potamkin Cadillac Corp., 118 AD2d 698; see also, Frank B. Bozzo, Inc. v Electric Weld Div., 345 Pa Super 423, 498 A2d 895 [1985].)
Here, Fedmet is entitled to recover additional general damages under its first theory that it is entitled to the amount due under its original contract with Transco if defendant had fully performed and if plaintiff had not had to enter into the settlement agreement (UCC 2-714). I have determined earlier that the settlement agreement between Fedmet and Transco was an arm’s length transaction that I utilized to calculate damages. At trial, the testimony of Transco’s president, John Belsky, was that the parties adjusted the terms of the original contract and provided for the forgiveness of interest in order to compensate Transco for the longer period of time it required to resell the nonconforming rebars. The original agreement provided for interest at prime plus 1% from the vessel arrival date until the date of payment. Contrary to defendant’s contentions, compensation to Transco was foreseeable because it would have to find buyers interested in purchasing the less useful grade 40 rebars. Nor does this award constitute a double recovery of the statutory interest previously awarded from the date of the breach to the date of judgment because, if not for Ekco’s breach, plaintiff would have had immediate use of Transco’s payments and would have received the interest pursuant to its original contract with Transco. In addition, this award is in accord with the objective of the Uniform *932 Commercial Code, and the few decisions interpreting these sections, of placing the buyer in as good a position as it would have been had the seller fully performed.
This court need not address that branch of plaintiffs motion for alternative relief seeking incidental damages.